# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**
Feb 21, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| JEFFREY CALDWELL | ) 2:25-mj-0037 JDP |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of December 17, 2024 in the county of Solano in the Eastern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of ammunition |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Carla Ceccon
*Complainant's signature*

Carla Ceccon, Special Agent, Federal Bureau of Investigations
*Printed name and title*

Sworn to me and signed via telephone.

Date: February 21, 2025

*Judge's signature*

City and state: Sacramento, California     Jeremy D. Peterson, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

1. I, Carla Ceccon, a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to the Sacramento Field Office, Fairfield Resident Agency, being duly sworn, state: I am submitting this affidavit in support of my request for the issuance of a criminal complaint and arrest warrant against Jeffrey Caldwell (hereafter "CALDWELL") for a violation of 18 U.S.C § 922(g)(1) (felon in possession of ammunition).

2. The information contained in this Affidavit is based upon my training and experience, my personal knowledge of this investigation, and information provided to me by other agents and law enforcement officials who have assisted in this investigation and have experience investigating the violations of firearm and narcotic laws. This Affidavit is intended to provide probable cause to support the issuance of the complaint and arrest warrant and does not set forth all the information of which I am aware. The Affidavit mainly focuses on facts relevant and necessary to establish probable cause for the requested arrest warrant. The facts establishing probable cause that CALDWELL committed this crime are set forth more fully below.

   **I.   INTRODUCTION AND AGENT BACKGROUND**

3. I have been employed as a Special Agent of the FBI since September 2018 and am currently assigned to the Sacramento Division. Prior to being assigned to the Sacramento Division, I was assigned to the San Francisco Division, Santa Clara County Safe Streets Gang Task Force. As a Special Agent of the FBI, I am authorized to investigate violations of the laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States. My training consisted of 21 weeks of New Agent Training classes during which I received instruction on various aspects of Criminal and National Security investigations. As part of my training, I received extensive instruction in the areas of criminal law, firearms training, rules of evidence, interview techniques, physical surveillance, interviewing witnesses, confidential informants, victims and suspects, writing affidavits, executing search warrants, analyzing phone records obtained from subpoenas, search warrants, pen registers, trap and trace devices, and collecting and processing evidence. In addition, I have received specialized training in the extraction of data from digital devices, to include cellular telephones, as well as specialized training in firearms technology. Throughout my law enforcement career, and as part of my participation in this investigation, I have spoken with, worked with, and gained knowledge from numerous experienced federal, state, and local investigators.

4. Prior to my employment as an FBI Special Agent, I was employed by the Sacramento Police Department for approximately three years. I attended the Sacramento Police Academy for my basic training to become a police officer, which consisted of approximately 980 hours of training. From December of 2015 through May of 2018, I was assigned to the Office of Operations as a patrol officer working both uniform and plain clothes patrol. During this assignment, I conducted, as well as participated in, hundreds of investigations into crimes including, but not limited to: homicide, robbery, weapons violations and various gang and narcotics related offenses. As a police officer, I conducted no less than one hundred vehicle, probation and parole searches, to include people, residences and personal property, resulting in numerous arrests for a variety of criminal statutes.

5. Prior to my employment as a police officer, I was employed by Colusa County Probation Department as a Deputy Probation Officer for approximately two years. As a Deputy Probation Officer, I participated in hundreds of probation searches of people, residences and personal property to include cell phones.

## PROBABLE CAUSE

**A.     December 17, 2024 arrest of CALDWELL by Vallejo Police Department**

6. On December 17, 2024, Vallejo Police Department ("VPD") received multiple calls for service at the Super 8 Motel (2070 Solano Ave, Vallejo, CA). The original reporting party, an employee of the Super 8, called police at approximately 3:01 PM reporting that Jeffrey Caldwell, a 45-year-old male white adult, was naked and refusing to check out of his room. The reporting party advised they had responded to CALDWELL's room, and he answered the door with a pair of scissors. The reporting party was told, by somebody who knew CALDWELL, that he usually carried a pistol, however none had been seen. The reporting party provided CALDWELL's name but was unable to provide his date of birth or driver's license.

7. VPD dispatch received another call for service from Super 8 Motel at approximately 4:19 PM. The reporting party advised dispatch what CALDWELL was wearing, and stated he was going in and out of the building carrying broken scissors and yelling that he was "taking over the Super 8."

8. VPD received an additional call from the Super 8 at approximately 7:50 PM. The Super 8 employee was now reporting CALDWELL was seen by somebody walking around the hallway, carrying a firearm. The reporting party advised CALDWELL was not doing anything with the firearm, he was just holding it in his hand.

9. At approximately 8:28 PM, VPD dispatch received multiple calls from multiple reporting parties stating

gunshots were being heard from the second floor of the motel. The reporting parties gave similar suspect descriptions as those given previously by the original reporting parties, the Super 8 Motel employees.

10. A records check of "Jeffrey Caldwell," the name given by the Super 8 Motel employee, revealed CALDWELL, who matched the description given by the reporting party. VPD dispatch discovered that at the time, CALDWELL had a felony, no bail, warrant for a parole violation, and that he had a violent history. Upon officers' arrival, an officer showed the Super 8 employee a photograph of CALDWELL, who was positively identified by the employee as the individual they were calling about. Officers observed CALDWELL on the balcony of room 205, located on the second floor of the Super 8. Based on subsequent conversations with motel employees, I believe that CALDWELL had been staying in room 205 for several days.

11. As officers were evacuating the motel, they observed fresh bullet strikes in the hallway with fresh debris from the walls and ceilings on the floor. Officers could also hear CALDWELL yelling "Fuck the police" and "I'm not going back" from room 205. At this time, VPD's SWAT team was activated to respond to the scene.

12. VPD made numerous PA announcements, to include K9 advisements in an attempt to get CALDWELL to surrender, however he did not comply. Eventually, VPD's SWAT team deployed less lethal chemical agents into room 205 in an attempt to gain his compliance. At this time, CALDWELL was seen throwing items off the balcony of his room at the officers below.

13. CALDWELL eventually exited room 205 and began to run toward the stairwell. After being confronted by officers in the stairwell, CALDWELL attempted to run back toward his room. A K9 was deployed at this time and CALDWELL was taken into custody. CALDWELL was medically cleared and taken to Solano County Jail without further incident.

14. Following CALDWELL's arrest, VPD SWAT performed a clear of room 205 for additional occupants. Detectives then contacted the front desk clerk who was currently on the phone with the manager, J. S. J.S. relayed, through the clerk, that CALDWELL had checked into the Super 8 under his own name on December 14th, and was supposed to have checked out on December 15th, but that he failed to do so.

15. A subsequent parole search was conducted on room 205 by VPD. During the search, Detectives observed a large hole in the bathroom wall. Numerous items, including bear spray, sex toys and clothes were shoved into the hole. Detectives began removing the sheet rock and located a firearm at the bottom of the hole. The firearm was a privately made .40 caliber Glock-style handgun. The firearm had a Glock

slide, bearing serial number MMD872, and a polymer receiver. The firearm contained one .40 caliber Federal S&W bullet in the chamber. The magazine was not located in the magazine well. The magazine was located further down the hole and contained one additional .40 caliber Federal S&W bullet.

### B. ADDITIONAL CONTACT WITH SUPER 8 MANAGER

16. On February 13, 2025, FBI SA Carla Ceccon contacted the Super 8 manager at the time of the incident, J.S.. J.S. stated he was not at the Super 8 at the time of the incident. J.S. was at the Super 8 earlier during the day and had contact with CALDWELL in room 205, but he was gone before anything happened.

17. J.S. stated that CALDWELL had been staying at the Super 8 on and off but he had stopped paying prior to the day of the incident. J.S. believed CALDWELL had broken into numerous rooms at the motel, to include rooms on the 3rd floor as well as room 204 and 205. J.S. spoke to CALDWELL on the day of the incident, J.S. responded to room 205 and asked CALDWELL to leave because he hadn't paid. CALDWELL came to the door in his underwear. The police were called after the contact, but they did not come.

18. The 3rd floor of the Super 8 was mostly vacant at the time of the incident because the owners were getting ready to sell the motel. Prior to CALDWELL being in room 205, J.S. believed the room was vacant for approximately 6 days. SA Ceccon asked J.S. if he ever saw anyone else with CALDWELL or if he saw anyone else in room 205 with CALDWELL. J.S. stated he did not.

19. SA Ceccon asked J.S. if he was aware of the condition of the drywall in room 205. J.S. stated that CALDWELL caused the hole in the drywall. SA Ceccon asked J.S. if the room was inspected prior to CALDWELL being in the room. J.S. stated the room was inspected, and that the maintenance person inspected all vacant rooms every morning to make sure nothing was wrong with them and that nobody had broken into them. Additionally, J.S. advised that his clerk on duty at the time also inspected vacant rooms each morning, and that if there was a hole in the drywall of room 205 prior to CALDWELL being inside the room, J.S. would have known.

### III. PROHIBITED PERSON STATUS

20. A review of CALDWELL's criminal history revealed he was previously convicted of the following felonies:

   i.   On February 24, 2012, CALDWELL was convicted of a violation of CA PC § 459 (burglary);

   ii.  On October 29, 2012, CALDWELL was convicted of a violation of CA VC § 2800.2(a) (evading);

iii. On September 3, 2013, CALDWELL was convicted of a violation of CA PC § 646.9 (stalking) and CA PC § 1320(B) (failure to appear on felony charge).

iv. On November 13, 2015, CALDWELL was convicted of a violation of CA § PC664/459 (attempted burglary);

v. On January 13, 2017, CALDWELL was convicted of a violation of CA PC § 245(b) (assault on person with semi-auto firearm) and CA VC § 10851 (stolen vehicle);

vi. On October 17, 2017, CALDWELL was convicted of a violation of CA PC § 496D(a) (possession of stolen vehicle);

vii. On September 19, 2019, CALDWELL was convicted of CA PC § 4501(B) (assault with force causing GBI by prisoner).

21. Several of these convictions resulted in CALDWELL receiving a sentence of more than one year in prison. For example, CALDWELL was sentenced to four years in prison as a result of his October 17, 2017 conviction for possession of a stolen vehicle. CALDWELL was also sentenced to four years in prison as a result of his September 19, 2019 conviction for assault by prisoner causing great bodily injury. Based on these convictions, I believe CALDWELL knew that he had been convicted of an offense punishable by more than one year in prison.

### IV.   INTERSTATE NEXUS

22. Based upon consultation with an interstate nexus expert from the Bureau of Alcohol, Tobacco, and Firearms, I know that the ammunition contained in the privately made Glock-style firearm that was found in CALDWELL's hotel room was not manufactured in the State of California. Because it was made outside of California, it necessarily traveled in/affected interstate or foreign commerce.

### V.   CONCLUSION

23. Based on the information set forth in the paragraphs above, I submit that there is probable cause to believe that CALDWELL committed a violation of 18 U.S.C § 922(g)(1).

24. Accordingly, based upon the foregoing, I respectfully request that the Court sign the requested criminal complaint and issue the requested arrest warrant.

I declare under penalty of perjury that the statements above are true and correct to best of my knowledge and belief.

Respectfully submitted,

/s/ Carla Ceccon
Carla Ceccon
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to me via telephone on: February 21, 2025

Hon. Jeremy D. Peterson
U.S. MAGISTRATE JUDGE

/s/ Charles Campbell
Approved as to form by AUSA Charles Campbell